# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ANDREW MICHAEL MITSCHELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-20 |
| v. | |
| MRS. JANET BREWTON; DR. DEAN C. BROOME; STEVE NICOLOU; and RAY SABINE, | |
| Defendants. | |

## ORDER and REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to follow the Court's Order, dated June 18, 2015, directing Plaintiff to file a legible copy of his Amended Complaint within thirty days. (Doc. 23.) Also before the Court are several Motions filed by Plaintiff: a Motion for an Emergency Physical (doc. 5), a Motion for a Court Order to Produce (doc. 6), a Motion to Appoint Counsel (doc. 7), a Motion for Hearing (doc. 8), a Motion for Temporary Restraining Order (doc. 9), a Motion for Permanent Injunction (doc. 10), a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21), and a Motion for Emergency Hearing on Injunction and Restraining Order (doc. 25). For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's claims (doc. 1) be **DISMISSED without prejudice** for failure to prosecute. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Permanent Injunction (doc. 10) and Motion for Temporary Restraining Order (doc. 9) be **DISMISSED as moot** or, alternatively, **DENIED**, and that the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21) be **DISMISSED as moot**.

Lastly, the undersigned **ORDERS** that Plaintiff's remaining Motions (docs. 5–8, 25) are hereby **DISMISSED as moot**.

## BACKGROUND

On February 25, 2015, Plaintiff, proceeding pro se, filed an Emergency Petition contesting certain conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) On that same day, Plaintiff filed many of the Motions currently pending before the Court—requesting, in pertinent part, an emergency physical, the production of documents, the appointment of counsel, a hearing, a temporary restraining order, and a permanent injunction. (Docs. 5–10.) Upon the Court's docketing of the Emergency Petition as a Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff filed a Motion to Amend/Correct Complaint on May 6, 2015, seeking to refile his claims on the appropriate Section 1983 form (doc. 15), and submitted a proposed Amended Complaint to that end on May 21, 2015 (doc. 19). Plaintiff then filed Motions requesting a temporary restraining order and preliminary injunction on June 5, 2015 (doc. 21), and moved for an emergency hearing on those Motions on July 13, 2015 (doc. 25).

In an Order dated June 18, 2015, the Court granted Plaintiff's Motion to Amend/Correct Complaint. (Doc. 15.) The Court noted that Plaintiff's original Complaint appeared to relate to his medical treatment at Georgia State Prison but that his proposed Amended Complaint was largely illegible, such that the Court could not decipher the nature of his allegations regarding that treatment for the purposes of conducting the requisite initial review under 28 U.S.C. § 1915A and ruling on the pending Motions. (Id. at p. 1 (citing Doc. 1, pp. 3–5; Doc. 19, pp. 5-16).) Accordingly, the Court ordered Plaintiff to file a legible copy of his Amended

Complaint within thirty days. (Id. at pp. 1–2.) The Court further cautioned, "Plaintiff's failure to respond appropriately to this Order may result in the dismissal of his Complaint." (Id. at p. 2.)

On June 29, 2015, Plaintiff filed a Notice indicating, among other things, that he does not intend to file another copy of his Amended Complaint. (See Doc. 24, ¶¶ 6–7, 9.) Specifically, Plaintiff's Notice maintains that the Court's Order "has placed an undue burden on [Plaintiff] by requiring [him] to resubmit the [A]mended [C]omplaint so [the Court] can hopefully read it." (Id. at ¶ 6.) Plaintiff further states that his handwriting "is as good as it gets" and that he does not have the time or resources to type or rewrite his Amended Complaint. (Id. at ¶¶ 7, 9.) Indeed, Plaintiff did not file a legible copy of his Amended Complaint before the thirty-day period expired on July 18, 2015, or at any time prior to the date of this Order and Report and Recommendation.

## DISCUSSION

The Court must now determine how Plaintiff's failure to file a legible copy of his Amended Complaint affects the disposition of his potential Section 1983 claims and his pending Motions. The Court will address these issues in turn.

### I. Plaintiff's Complaint (Doc. 1)

Plaintiff's Section 1983 Complaint should be dismissed without prejudice for failure to prosecute. A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure

or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

Plaintiff has not engaged in such a "clear pattern of willful contempt" so as to warrant a dismissal of his claims with prejudice at this time. Cf. Thomas, 170 F. App'x at 626, 624 & n.1, 626 (upholding dismissal with prejudice, where plaintiff had engaged in "clear pattern of willful contempt" by ignoring four court orders to file amended complaint and failing to appear at two

4

mandatory conferences). Even so, Plaintiff failed—and, in fact, overtly refused—to file another copy of his Amended Complaint by July 18, 2015, as required by this Court's Order. (See Doc. 24.) While Plaintiff asserts in his Notice that his handwriting "is as good as it gets," the Notice itself evidences his ability to write in a manner that is at least somewhat readable. (See id.) Equally unpersuasive is Plaintiff's contention that he did not have the time to rewrite his Amended Complaint, as the Court gave Plaintiff ample time to remedy his deficient Amended Complaint, and Plaintiff was able to complete and file his Notice within that time period. (Id.)

Rather, it appears that Plaintiff, without any substantial justification, chose to defy the Court's unequivocal instructions to file another Amended Complaint, and its clear warning that a failure to do so could result in dismissal, and to insist upon proceeding on the deficient Amended Complaint. (See id.) Under these circumstances, a dismissal without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Thus, Plaintiff's Section 1983 Complaint (doc. 1) should be **DISMISSED without prejudice** for failure to prosecute, and this case should be **CLOSED**.

## II.     Plaintiff's Motion for Permanent Injunction (Doc. 10)

Consistent with the foregoing recommendation to dismiss Plaintiff's claims without prejudice, Plaintiff's Motion for Permanent Injunction should be dismissed as moot. However, even if the Court permits Plaintiff to proceed with his claims, Plaintiff's Motion nevertheless should be dismissed as moot or denied.

Although equitable relief is often available as a remedy in the Section 1983 context, see McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994), those principles do not apply here. Plaintiff's Motion, though docketed as a Motion for Permanent Injunction, does not relate to the equitable relief he is seeking from Defendants through this action. (See Doc. 10.) Rather, Plaintiff's Motion, filed concurrently with his Complaint on February 25, 2015, bears the title "Motion to Dispense with the Requirement of Security" and contains his arguments against posting security with the Court as a condition to proceeding in this action. (Id.) Because this Motion makes no mention of the entry of an injunction but rather seeks an order excusing Plaintiff from filing requirements, this Motion was improperly docketed as a Motion for injunctive relief and should not be analyzed as such.

Rather, relevant to Plaintiff's request is the Prison Litigation Reform Act ("PLRA"), which mandates that all prisoners, even those proceeding in forma pauperis, pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). In addition, the PLRA states that a prisoner proceeding in forma pauperis must pay an initial partial filing fee of twenty percent of the greater of the average monthly deposits to, or average monthly balance in, his prisoner account for the six-month period immediately preceding the filing of the complaint. Id. The PLRA provides further instruction as to the prisoner's subsequent payments, which are due in monthly increments until the full filing fee is paid. See id. § 1915(b)(2).

The Court explained these provisions of the PLRA in an Order granting Plaintiff leave to proceed in forma pauperis on April 27, 2015. (Doc. 13, pp. 1–2.) That Order also instructed Plaintiff that, to the extent that he wished to proceed on those terms, he needed to furnish a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account. (Id. at p. 3.) Plaintiff filed these forms on May 11, 2015, manifesting his assent to the collection of the filing fee from his account according to the terms set forth in the PLRA. (Docs. 17–18.)

Assuming that Plaintiff's Motion opposing the requirement to post security refers to his obligation to pay the filing fee, Plaintiff's later consent to the collection of that fee suggests that he no longer disputes the fee and that this Motion has become moot. Alternatively, if Plaintiff gave consent but still intends to stand by his objections to the filing fee in the instant Motion, this Motion should be denied on the basis that the Court cannot carve out an exception to the PLRA's unambiguous filing requirements applicable to all prisoners. Finally, if Plaintiff's reference to posting security is not intended to relate to the filing fee, Plaintiff's Motion should be dismissed as moot because neither the PLRA nor the Court requires that he make any such payment in this action.

Thus, Plaintiff's Motion for Permanent Injunction (doc. 10), properly viewed as a Motion to be excused from posting security, should be **DISMISSED as moot** or, alternatively, **DENIED**.

### III. Plaintiff's Motion for Temporary Restraining Order (Doc. 9) and Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 21)

Because the undersigned recommends the dismissal of Plaintiff's claims without prejudice, Plaintiff's Motions for temporary equitable relief should likewise be dismissed as moot. Alternatively, if the Court allows Plaintiff to further pursue his claims, the Court should deny Plaintiff's Motion for Temporary Restraining Order (doc. 9) and dismiss, as moot, the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21).

To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled

on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Even assuming, arguendo, that Plaintiff could make the requisite showing for the entry of a restraining order or injunction in this case, this Court cannot grant the particular form of equitable relief that Plaintiff is seeking to obtain therefrom. Plaintiff moves for a restraining order or preliminary injunction directing Defendants "to refrain from transferring the Plaintiff, until[ ] the legalities of his petition . . . are legally resolved." (Doc. 9, p. 1.) Plaintiff also requests a timely hearing on this Motion. (Doc. 21, p. 1.)[1] Because such relief involves Plaintiff's housing placement—a matter squarely within the realm of prison administration—an order or injunction granting such relief would be broader and more intrusive than necessary to remedy any potential constitutional violation. Thus, the Court ultimately cannot grant Plaintiff's requested form of equitable relief, and the issue of whether to hold a hearing is moot.

In sum, Plaintiff's Motion for Temporary Restraining Order (doc. 9) should be **DISMISSED as moot** or, alternatively, **DENIED**, and Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21) should be **DISMISSED as moot** in any event.

---

[1] Though docketed as a Motion for Temporary Restraining Order and Motion for Preliminary Injunction, this filing solely addresses the need for a hearing on the earlier-filed Motion for Temporary Restraining Order (doc. 9) and contains no new request for equitable relief against Defendants. (Doc. 21.) As such, the Court should not analyze this Motion under the equitable-relief framework and, instead, should treat the same as a request for a hearing.

9

### IV. Plaintiff's Remaining Motions (Docs. 5–8, 25)

Given the undersigned's recommendation of dismissal without prejudice, Plaintiff's remaining Motions appear to be moot. Specifically, because Plaintiff's claims should be dismissed without prejudice and this case closed, the pending Motions—seeking an emergency physical, the production of documents, the appointment of counsel, a hearing, and an emergency hearing (see docs. 5–8, 25)—are of no consequence. Therefore, these Motions are **DISMISSED as moot** at this time.

### V. Leave to Appeal in Forma Pauperis

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears that the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d

528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, any appeal taken in this case would be based on indisputably meritless legal theories or baseless factual allegations. Because there are no nonfrivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should be **DENIED**.

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Complaint (doc. 1) be **DISMISSED without prejudice** and this case **CLOSED**, and that any request for leave to appeal in forma pauperis be **DENIED**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Permanent Injunction (doc. 10) and Motion for Temporary Restraining Order (doc. 9) be **DISMISSED as moot** or **DENIED**, and that the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21) be **DISMISSED as moot**. Finally, the undersigned **ORDERS** that Plaintiff's remaining Motions (docs. 5–8, 25) are **DISMISSED as moot**. The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon Plaintiff.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity

requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA