IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANDREW MICHAEL MITSCHELL,

Plaintiff,

v.

JANET BREWTON; DR. DEAN C. BROOME; STEVE NICOLOU; and RAY SABINE,

Defendants.

CIVIL ACTION NO.: CV615-020

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated July 20, 2015. (Doc. 31.)[1] After an independent and de novo review of the entire record, the undersigned **OVERRULES** Plaintiff's Objections (doc. 31), **CONCURS** with the Magistrate Judge's Report and Recommendation (doc. 26), and **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, Plaintiff's Complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, is hereby **DISMISSED without prejudice** for failure to prosecute. Plaintiff's Motion for Temporary Restraining Order (doc. 9), Motion for Permanent Injunction (doc. 10), and Motion for Temporary Restraining Order and Motion for Preliminary Injunction (doc. 21) are **DISMISSED as moot**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** in forma pauperis status on appeal.

---

[1] Though docketed as a "Response to Report and Recommendations," Plaintiff's filing at this docket entry sets forth his arguments in opposition to the Magistrate Judge's proposed findings and recommendations and, therefore, is more appropriately considered to be Objections filed pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.3(b).

## BACKGROUND

On February 25, 2015, Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, filed this pro se action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff has since filed several Motions collectively requesting a temporary restraining order, a preliminary injunction, and a permanent injunction. (Docs. 9–10, 21.) Plaintiff also filed a Motion to Amend/Correct Complaint on May 6, 2015 (doc. 15), and a handwritten proposed Amended Complaint on May 21, 2015 (doc. 19).

On June 18, 2015, the Magistrate Judge granted Plaintiff's Motion to Amend/Correct Complaint but, noting that the handwritten proposed Amended Complaint was almost entirely illegible, ordered Plaintiff to file a legible copy thereof within thirty days or else risk a potential dismissal of his claims. (Doc. 23, pp. 1–2.) Plaintiff responded in a Notice filed June 29, 2015, that he would not file another copy of his proposed Amended Complaint, because doing so would be an "undue burden" and his handwriting "is as good as it gets." (Doc. 24, ¶¶ 6–7, 9.) Once the thirty-day period passed without any further word from Plaintiff on the matter, the Magistrate Judge entered a Report and Recommendation, dated July 20, 2015, recommending that the Court dismiss Plaintiff's claims without prejudice on the basis that his refusal to provide a legible copy of his deficient proposed Amended Complaint amounts to a failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 26, pp. 3–5.) The Magistrate Judge also recommended that Plaintiff's Motions for equitable relief be dismissed as moot. (Id. at pp. 6–9.)

Plaintiff now objects to the Magistrate Judge's Report and Recommendation, stating that it would be an "extreme travesty of justice if this Court dismissed this case without first ordering [a] medical exam to determine if [ ] Plaintiff truly needs emergency medical care to save his life." (Doc. 31, p. 1 (alteration omitted) (emphasis omitted).) Plaintiff cites the Declaration of

Independence and the basic concept of human rights as providing authority for the Court to order that Plaintiff receive a medical exam at this time. (Id. at p. 2.) Plaintiff also recounts a recent conversation with a prison official—whom Plaintiff names in his Objections, though the name is illegible and does not resemble any named Defendant—concerning his need of a total knee replacement. (Id. at p. 3.) While the Court cannot decipher much of what appear to be the details of this conversation, Plaintiff seems to suggest that the prison official ultimately threatened to sue Plaintiff for slander if he were to take any legal action against her. (Id.)

## DISCUSSION

The Magistrate Judge correctly set forth and applied the law to Plaintiff's Complaint, and the Court need not detail that discussion at length here. Nevertheless, the Court addresses Plaintiff's Objections.

Even accepting Plaintiff's assertions in his Objections as true, Plaintiff fails to set forth any reason why this Court should not dismiss his Complaint for failure to prosecute. Federal Rule of Civil Procedure 41(b) and Local Rule 41.1(b) provide for the involuntary dismissal of a plaintiff's cause of action, with or without prejudice, when he has failed to prosecute his claims or neglected to follow the Federal Rules of Civil Procedure, local rules, or a court order. As the Magistrate Judge explained in detail, Plaintiff's insistence upon proceeding with a deficient Amended Complaint and his refusal to comply with the Court's Order to file a legible copy of this pleading squarely fall within the type of conduct warranting involuntary dismissal. (See Doc. 26, pp. 4–5.) Plaintiff's Objections make no attempt to explain or justify his actions and, therefore, do not lead the Court to believe that the dismissal of his claims without prejudice would be anything other than proper under the applicable rules.

Plaintiff's argument that dismissal would be an "extreme travesty of justice" (doc. 31, p. 1) does not change this result. To the contrary, it is in the interests of justice that a court not entertain the claims of a plaintiff who fails to pursue them diligently and disregards court orders. Equally unavailing is Plaintiff's Objection that he should receive a medical exam prior to dismissal (id. at pp. 1–2), because Plaintiff fails to show that he is entitled to equitable relief, and this form of relief would constitute an unwarranted intrusion into matters of prison administration. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (setting forth four elements for showing entitlement to temporary injunctive relief); see also Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). Finally, Plaintiff's Objections based upon his conversation with a prison official (doc. 31, p. 3) are not properly before the Court, as Plaintiff failed to raise these arguments before the Magistrate Judge. Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (concluding that a district judge has broad discretion in declining to consider an argument not presented to the magistrate judge). In any event, these Objections have no bearing on the dismissal of Plaintiff's claims, because Plaintiff's conversation with a prison official regarding a knee replacement is wholly unrelated to his decision to brush aside a Court Order as an "undue burden."

## CONCLUSION

Plaintiff's Objections (doc. 31) are without merit and are **OVERRULED**. The Magistrate Judge's Report and Recommendation (doc. 26), as supplemented herein, is **ADOPTED** as the opinion of the Court. Accordingly, Plaintiff's Complaint (doc. 1) is

**DISMISSED without prejudice**, and his pending Motions for equitable relief (docs. 9–10, 21) are **DISMISSED as moot**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Further, Plaintiff is **DENIED** in forma pauperis status on appeal, for the reasons set forth in the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this 24th day of August, 2015.

```
                        _____
                        HONORABLE J. RANDAL HALL
                        UNITED STATES DISTRICT JUDGE
                        SOUTHERN DISTRICT OF GEORGIA
```